IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-249

| | | |
|---|---|---|
| CHARLES P. WILKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WACHOVIA CORPORATION, | ) | |
| WACHOVIA BANK, NATIONAL | ) | |
| CORPORATION, WELLS FARGO & | ) | |
| COMPANY, f/d/b/a WACHOVIA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

On February 28, 2011, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") [D.E. 31]. In that M&R, Judge Daniel recommended (among other things) that the court deny plaintiff's motion to remand and alternative motion for leave to file a proposed second amended complaint [D.E. 9].

On March 14, 2011, plaintiff filed objections to the M&R "only to the extent that the conclusions of law hold that specifically identified claims should be dismissed." Pl.'s Obj. 1. Plaintiff did not object to the M&R's conclusion that diversity jurisdiction exists or that plaintiff should not be permitted to amend the complaint to add four individual defendants in order to destroy complete diversity. See M&R 5–12. On March 14, 2011, defendant Wells Fargo & Company filed objections to the M&R directed at a portion of the M&R concerning defendant's motion to dismiss [D.E. 33].

With respect to the M&R's conclusion concerning diversity jurisdiction and the alternative motion for leave to file a proposed second amended complaint, the court is satisfied that there is no clear error on the face of the record. See, e.g., Diamond v. Colonial Life & Accident Ins. Co., 416

F.3d 310, 315 (4th Cir. 2005) (describing standard of review). Diversity jurisdiction exists. Thus, the court DENIES the motion to remand [D.E. 9]. The court will address defendant's motion to dismiss [D.E. 14] in due course.

SO ORDERED. This 15 day of March 2011.

*[signature]*
JAMES C. DEVER III
United States District Judge