IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-249

| | | |
|---|---|---|
| CHARLES P. WILKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WACHOVIA CORPORATION, WACHOVIA BANK, NATIONAL ASSOCIATION, WELLS FARGO & COMPANY, f/d/b/a WACHOVIA CORPORATION, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

On February 28, 2011, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") [D.E. 31]. In that M&R, Judge Daniel recommended (among other things) that the court grant in part and deny in part defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Specifically, Judge Daniel recommended that the court dismiss plaintiff's negligence claims in counts VIII, X, and XI, but permit plaintiff's fiduciary duty claims in counts I and XII, plaintiff's fraud claims in counts V and VI, plaintiff's constructive fraud claim in count VII, and plaintiff's conversion claim in count XIII to proceed.

On March 14, 2011, Charles P. Wilkins ("plaintiff" or "Wilkins") filed objections to the M&R [D.E. 32] "only to the extent that the conclusions of law hold that specifically identified claims should be dismissed." Pl.'s Obj. 1. On March 14, 2011, defendants ("defendants" or "Wells Fargo") filed objections to the M&R [D.E. 33] directed at a portion of the M&R concerning defendants' motion to dismiss. Specifically, Wells Fargo argues that the court should dismiss the breach of fiduciary duty claim in count I and the aiding and abetting breach of fiduciary duty claim in count XII. Wells Fargo also argues that the court should dismiss the common law fraud claim in count V

and the fraudulent inducement claim in count VI. In making these arguments, Wells Fargo relies on the economic loss doctrine.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted). As for those portions of the M&R to which there was no objection, the court finds no clear error on the face of the record. As for those portions of the M&R to which there was an objection, the court has reviewed the M&R de novo.

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Iqbal, 129 S. Ct. at 1949–50. Furthermore, a court may consider "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

2

The economic loss doctrine "addresses the intersection between contract remedies (including warranty remedies) and tort remedies." Kelly v. Georgia Pacific, LLC, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009). Generally, a breach of contract does not give rise to a tort. See id. The economic loss doctrine "makes sense, in part, because parties to a contract do not thereby become each others' fiduciaries; [therefore,] they generally owe no special duty to one another beyond the terms of the contract." Id. (alteration in original) (quotation omitted). "To pursue a tort claim and a breach of contract claim concerning the same conduct, a plaintiff must allege a duty owed him by the defendant separate and distinct form any duty owed under a contract." Id. (quotation omitted).

Wells Fargo argues that this court should dismiss counts I and XII because "any fiduciary duties existing in this case are grounded in contract, not in tort." Defs.' Obj. 3. In support, Wells Fargo notes that plaintiff's amended complaint (Am. Compl. ¶¶ 51, 58, 143(c), 208) and the investment management agreement make clear that if any fiduciary duties arose in this case, such fiduciary duties arose via the investment management agreement. See Defs.' Obj. 3.

The legal conclusions in the amended complaint concerning fiduciary duties (Am. Compl. ¶¶ 20–22) are not controlling, and a lender-borrower relationship will not support a fiduciary duty claim under North Carolina law. See, e.g., Branch Banking & Trust Co. v. Thompson, 107 N.C. App. 53, 61, 418 S.E.2d 694, 699 (1992); Wells v. N.C. Nat'l Bank, 44 N.C. App. 592, 596, 261 S.E.2d 296, 298–99 (1980). Likewise, "parties to a contract do not thereby become each others' fiduciaries; [therefore,] they generally owe no duty to one another beyond the terms of the contract." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998) (applying North Carolina law). However, the North Carolina Supreme Court has not addressed whether the economic loss doctrine applies to a fiduciary duty claim where the duty arises from the underlying contract. Thus, this court must predict how the North Carolina Supreme Court would rule on this issue. See, e.g., Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005).

3

Under North Carolina law, a breach of fiduciary duty is "a species of negligence or professional malpractice." Carlisle v. Keith, 169 N.C. App. 674, 682, 614 S.E.2d 542, 548 (2005) (quotation omitted). Here, plaintiff's fiduciary duty claims arise out of the duties in the investment management agreement and relate to contract performance. As such, the court predicts that the North Carolina Supreme Court would rely on the economic loss doctrine to bar the claims. See, e.g., N.C. Mut. Life Ins. Co. v. McKinley Fin. Serv., Inc., 386 F. Supp. 2d 648, 666 (M.D.N.C. 2005) (predicting Florida law and reaching same conclusion). In opposition to this conclusion, Wilkins relies on White v. Consolidated Planning, Inc., 166 N.C. App. 283, 603 S.E.2d 147 (2004). In White, however, there was no contract governing the relationship and the investment-advisor defendant was the plaintiffs' adult son. See id. at 293–94, 603 S.E.2d at 155–56. Because Wilkins has not plausibly alleged a fiduciary duty that defendants owed to him separate and distinct from the investment management agreement and no familial relationship exists in this case, the claims in counts I and XII fail to state a claim. See, e.g., Broussard, 155 F.3d at 346–47; Strum v. Exxon Co., 15 F.3d 327, 330–31 (4th Cir. 1994); Kelly, 671 F. Supp. 2d at 791; N.C. Mut. Life Ins., 386 F. Supp. 2d at 666. Furthermore, sitting in diversity, this court declines to expand North Carolina law in the way that Wilkins proposes. See, e.g., Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314–15 (4th Cir. 2007); Kelly, 671 F. Supp. 2d at 796. Thus, the court dismisses counts I and XII for failure to state a claim upon which relief can be granted.

As for the common law fraud claim in count V, plaintiff's allegations are grounded in defendants' conduct following execution of the investment management agreement. See Am. Compl. ¶¶ 11, 173–83. Even if defendants intentionally breached the investment management agreement, "[t]he crux of [such] matter[s] is and always has been a contract dispute." Broussard, 155 F.3d at 346; Ada Liss Grp. v. Sara Lee Corp., No. 1:06CV610, 2009 WL 3241821, at *9 (M.D.N.C. Sept. 30, 2009) (unpublished); Mecklenburg County v. Nortel Gov't Solutions, Inc., No.

4

3:07-cv-0320-GCM, 2008 WL 906319, at *4–5 (W.D.N.C. Apr. 1, 2008) (unpublished). Thus, the court dismisses the common law fraud claim in count V for failure to state a claim upon which relief can be granted.

As for the fraud in the inducement claim in count VI, plaintiff's allegations are grounded in defendants' conduct before executing the investment management agreement. See Am. Compl. ¶¶ 184–91. The allegations are detailed and specific. See id.; cf. Fed. R. Civ. P. 9(b). Plaintiff states a claim for fraud in the inducement. See, e.g., Schumacher Immobilien UND Beteiligungs AD v. Prova, Inc., No. 1:09CV18, 2010 WL 2867603, at *9–10 (M.D.N.C. July 21, 2010) (unpublished); Ada Liss Grp., 2009 WL 3241821, at *10. Thus, the court denies the motion to dismiss count VI.

In sum, the court agrees with some, but not all, of the conclusions in the M&R. The court GRANTS in part and DENIES in part the motion to dismiss [D.E. 14]. The court DISMISSES the negligence claims in counts VIII, X, and XI, the fiduciary duty claims in counts I and XII, and the common law fraud claim in count V.

SO ORDERED. This 24 day of March 2011.

JAMES C. DEVER III
United States District Judge